UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOHN REIGHARD, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:13-CV-610 |
| | § | |
| ALLSTATE TEXAS LLOYDS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER</u>

The Court now considers the self-styled "Gene Brewer's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted,"[1] filed by defendant Gene Brewer ("Brewer"), and the self-styled "Plaintiff John Reighard's Motion to Remand and Supporting Memorandum of Law,"[2] filed by plaintiff John Reighard ("Reighard"). After considering the motions, record, and relevant authorities, the Court **GRANTS** the motion to dismiss, but **DENIES** the motion to remand.

### I.    Background

On March 29, 2012, hailstorms struck Reighard's home.[3] Unhappy with the amount paid by his insurer, Allstate Texas Lloyd's ("Allstate"), he invoked the contract's appraisal clause. Allstate appointed Brewer as its appraiser.[4] Unhappy with the process and result of appraisal,

---

[1] Dkt. No. 3.
[2] Dkt. No. 7.
[3] *See* Dkt. No. 1, Attach. 5; Dkt. No. 7. Plaintiff's original petition gives the date as March 29, 2013, but this appears to be a typographical error.
[4] Dkt. No. 1, Attach. 5 at p. 3.

Reighard sued in state court on October 9, 2013.[5] Allstate and Brewer removed to this Court on November 8, 2013,[6] alleging diversity jurisdiction based on a theory of improper joinder.

Reighard's motion to remand and Brewer's motion to dismiss revolve around two legal questions: can Reighard state a claim against Brewer under Texas law, and has he adequately done so? After expositing the legal standards applicable to motions to remand and motions to dismiss, the Court will address these questions.

## II.      Subject Matter Jurisdiction and Improper Joinder

The Court does not have subject matter jurisdiction under 28 U.S.C. § 1332 unless the parties are completely diverse and the amount in controversy exceeds $75,000.[7] Here only diversity is in question. The Court notes that "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[8] Moreover, the Fifth Circuit has described the doctrine of improper joinder as "a narrow exception to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a heavy one."[9] "[T]he Court must resolve all ambiguities of state law in favor of the non-removing party."[10]

When considering whether a party was improperly joined, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[11] The Court "determin[es] removal jurisdiction on the basis of claims in the state court complaint as it exists at the time of removal."[12] In conducting the 12(b)(6)-type analysis in the improper joinder

---

[5] Dkt. No. 1, Attach. 5.
[6] Dkt. No. 1.
[7] 28 U.S.C. 1332(a).
[8] Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000) (citation omitted).
[9] Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007) (internal quotation marks and citations omitted).
[10] Id.
[11] Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (citations omitted).
[12] Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995).

context, the Court evaluates the petition under the state-court pleading standards,[13] by which the pleading must state a cause of action and give fair notice of the relief sought.[14] The Supreme Court of Texas has stated:

> "In determining whether a cause of action was pled, plaintiff's pleadings must be adequate for the court to be able, from an examination of the plaintiff's pleadings alone, to ascertain with reasonable certainty and without resorting to information aliunde the elements of plaintiff's cause of action and the relief sought with sufficient information upon which to base a judgment."[15]

### III.   Analysis

Brewer argues that, as an independent appraiser, he cannot be liable under the Texas Insurance Code or, by extension, the Texas Deceptive Trade Practices Act.[16] Reighard does not dispute that Brewer cannot be directly liable under either statute. Rather, Reighard argues that Brewer can be liable for *conspiring* to violate the Texas Insurance Code,[17] and that he sufficiently alleged this conspiracy in his complaint.[18] The Court disagrees: Reighard's allegations against Brewer suffer from fatal defects.

First, the complaint fails even Texas' lenient standard of pleading: "Brewer conspired with Allstate to underpay the claim even after an appraisal award was rendered."[19] This single sentence sets forth the only fact in the complaint pertaining to Brewer, as well as the only mention of conspiracy. The Court cannot determine from this single sentence the cause of action or the relief sought. Indeed, the complaint does not list conspiracy as a cause of action: from the

---

[13] For Judge Rosenthal's thorough explanation of why the Court uses the state court pleading standards in the improper joinder context, *see* Edwea, Inc. v. Allstate Ins. Co., No. H-10-2970, 2010 WL 5099607 (S.D. Tex. Dec. 8, 2010).

[14] *Id. See also* TEX. R. CIV. P. 45 & 47.

[15] Stoner v. Thompson, 578 S.W.2d 679, 683 (Tex. 1979) (citation omitted).

[16] Dkt. No. 3 at pp. 4-6.

[17] Dkt. No. 7 at pp. 6-10.

[18] *Id.* at pp. 10-12.

[19] Dkt. No. 1, Attach. 5 at p. 3, ¶12.

3 / 5

face of the complaint, there *is* no cause of action for conspiracy.[20] Nor do any of the causes of action allude to Reighard's theory of liability through conspiracy. The paucity of factual detail does not give fair notice of the facts upon which the claim is based, and cannot support a reasonable inference as to the cause of action.[21]

This paucity of detail leaves a glaring hole in the record partly because, as both parties acknowledge, appraisers cannot be liable under the Texas Insurance Code. In particular, appraisers cannot misrepresent insurance policies, material facts, or legal rights, or refuse to pay claims. Where an alleged conspirator cannot even *influence* the outcome of the alleged object of the conspiracy, an agreement to *accomplish* the outcome, while theoretically possible, makes little practical sense.[22] The disjunction between an appraiser's duties and the business of insurance provides one possible reason for the complaint's tomb-like silence about the facts of this alleged conspiracy. The utterance of "conspiracy" and a mysterious handwave does not enable an appraiser to deny coverage, and does not state a claim under state law.

**IV.    Holding**

Reighard failed to plead a claim under state law against Brewer. Brewer is therefore improperly joined. The Court **GRANTS** the motion to dismiss all claims against Brewer. The parties are now completely diverse, and the amount in controversy has been met. The Court possesses subject matter jurisdiction under 28 U.S.C. § 1332, and therefore **DENIES** the motion to remand.

---

[20] *Id.* at pp. 3-6.
[21] *See* Horizon/CMS Healthcare Corp. v. Auld, 34 S.W.3d 887, 897 (Tex. 2000).
[22] *See* Badon v. RJR Nabisco, Inc., 236 F.3d 282, 286 n. 4. (5th Cir.2000) (finding that a "mere theoretical possibility of recovery under local law" will not preclude a finding of improper joinder).

IT IS SO ORDERED.

DONE this 8th day of January, 2014 in McAllen, Texas.

 

 

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE